v. Stratfs, LLC v. Stratfs, LLC v. Stratfs, LLC v. Stratfs, LLC Judges of the United States Court of Appeals for the Second Circuit Purity, purity, purity All persons having business before this a stated term in the United States Court of Appeals for the Second Circuit draw near, give your attention, and we shall be heard. Thank you so much. Please be seated. And good morning, everybody. Welcome. And a special welcome and shout-out to the Rye Country Day School. We're happy to have you here. We hope you enjoy the proceedings. We're going to start this morning with I'm told that all the lawyers who need to be here are here, all the arguers. And so we're going to start with 24-1541, when the people of the State of New York v. De Blasio formally eliminated the trust. Thank you. Good morning, and may it please the Court. The primary issue on this appeal is whether the district court's modification decision and fee application decision improperly permitted the receiver to use trust funds to pay expenses that are not related to the trust. The trust is irrevocable. The trustee is independent. And most critically, the trust is a relief defendant, meaning there has not been a single allegation of wrongdoing in this case against either the trust or the trustee. And there has not, at least until the modification decision that we're appealing from, there has not been any factual finding whatsoever against the trust or the trustee. But before we go too far, could you address the question of appellate jurisdiction? I'm having difficulty understanding how the arguments you're making now about the order establishing receivership and so on could not have been made at the initial entry of the preliminary injunction. And while you cast this in response to the modification decision, really all of the arguments that I can see could have been made initially, and therefore we might not have jurisdiction under 1292. Could you address that concern, please? Sure, sure. You know, I think the, first of all, 28 U.S.C. 1292 of 1A is very clear, or 81, is very clear that the court does have jurisdiction over appeals from the denial of an order to modify a preliminary injunction. But there hasn't been a change in the circumstance of some kind to be a meaningful modification. Usually a motion for modification is prompted by a change in circumstances from those that were present at the original entry of the preliminary injunction. So what was that change? So I would say two responses to that, Your Honor. First of all, I don't think respectfully that that is the law. The government cites their lead case as the New Falls case. And the New Falls case actually holds the opposite. It actually, in that case, it's very clear that there was an appeal from a denial of a motion to reconsider a preliminary injunction and, in the alternative, a motion to modify a preliminary injunction. And the district court found in that case that there was no change in circumstances and therefore denied those motions. This Court held that, in fact, there was no jurisdiction, no appellate jurisdiction over the appeal of the motion to reconsider. But there was, under 1292A1, appellate jurisdiction over the denial of the motion to modify. And so this Court — What are the differences, then? What do you think the difference is between a motion to reconsider and a motion to modify? So a motion to reconsider is asking the Court essentially to reconsider the P.I., to say there should no longer be a preliminary injunction. And that's not what we're asking. That's not necessarily the case. I mean, you can ask the Court to reconsider the scope of the injunction, too. So one could, but that's not even what we're asking, either. It seems to me, following up on what Judge Carney just asked you, that really you're labeling it a motion for modification, but it's really a motion for reconsideration of what the judge did. So respectfully, I don't think so. Again, because, first of all, there was a changed circumstance here. But even before I get to that, I don't think so, because what we are asking for is a modification of only two specific terms, right? There was the term that allowed the receiver to expend the trust funds, and there was the term that actually wasn't even in the P.I. itself at all, that was only established in the modification decision, that allows the government the authority to review and approve of our legal views. So that, by the way, that issue shouldn't even be a question, whether there's jurisdiction, because that wasn't in the P.I. That was only decided in here, and in fact, only in opposition to our motion was the first time the government ever took that position. So with respect to that issue, I don't think, I don't see how this argument of jurisdiction even gets off the ground. Let me, can I frame it slightly differently, because there's sort of a question of jurisdiction, and we'll get the statute and so forth, and there's a motion to modify. But isn't the law pretty clear that by virtue of law of the case, arguments that you could have raised at a prior stage in an appeal are law of the case? We still have discretion to reach them, but we've established a certain threshold for our exercise of that discretion. Why couldn't you have raised all of these arguments in the appeal to this Court before? So Other than the ones that you just described as to the attorney fees piece. I'm talking about the challenges to the inclusion of your client in the trust. Right. So again, we're not even challenging that our client is going to be included in the trust, right, in the P.I. We are challenging whether You're challenging the use of Use of trust funds. Funds for receivership purposes.  Which was within the scope. Was it not in the scope of the prior appeal? It was. It wasn't addressed at all in the prior appeal. So I think the law of the case doctrine really goes to issues that were, in fact, argued and agreed. No, is that right? It's not issues that you raised and should have raised? So whether it is, I think, I mean, it is an equitable doctrine, right? It can be waived or disregarded in the interest of equity. And in that regard, I think when, you know, if it's an issue that could have been raised, it's not nearly as strong of a doctrine, not nearly as strong of an argument as something that, in fact, was raised. And here, it wasn't even the trust's appeal, right? It was an appeal of some 40-odd defendants. Did the trust join the appeal? The trust joined the appeal, sure. And I understand that we, you know, we I guess technically were one of the appellants, but Well, technically, you were. But there were no arguments whatsoever that were specific to the trust. There were 40 defendants or something like that. Because the trust didn't make them. I didn't hear you. Because the trust didn't make them. When you say there were no arguments, it has no voice. It's the only party who would raise those arguments would be the trust, wouldn't it? Right. But what I'm saying is there were 40-some-odd defendants that all joined in the same appeal. And so that's why that wasn't the focus of this appeal. And I think in that regard, the law of the case doctrine is much, much weaker. The other point is, though, that there is changed circumstances here, right? In this case, after the receiver took control of the trust corpus, the receiver then took $2 million out of the trust corpus and moved it not only out of the trust corpus, but out of the Western District of New York in express violation of the terms of the P.I. The district court called that basically a technical violation. It was all within Bank of America. It was easily replaced in the Western District of New York. It was always within reach. It was — and he modified the injunction and directed the receiver to bring the funds back. It was not as if the receiver was absconding with the funds and making them outside the reach of the court. So we — was it really more than that? So, again, you are correct that the district court called that a technical violation. We strongly disagree with that characterization, right? The receiver not only moved the funds, but then when asked about it, persistently refused to acknowledge it until we brought this motion that is the subject of this appeal, right? So — and the district court only said that in the context of this case. But how is this a modification that would give rise to a — the kind of relief you're asking for right now? Because I think this fact demonstrates why it is critical that the trustee — or, sorry, that the receiver shouldn't be entitled to just move trust assets. Again, you know, predetermination, there's been no finding, at least, again, until this decision that we're appealing from. And, again, this decision made these findings. But without ever saying that it was going to do so, the government didn't ask it to do so in this context. It made it based on — it made these determinations based on allegations in the complaint, not on any record evidence. Certainly, there was — you know, you look at the three — And why were those arguments not available to you in the initial appeal? Because this determination that I'm talking about, the government — the court made in this modification decision, right? This is not something — this is not something that the court ever found in the TRO or in the PI. These are factual findings that the court made in the decision that we are appealing from. And so, you know, we never had an opportunity to challenge those factual findings. We were in a situation where — But you did have an opportunity to challenge the same issue that you were raising that triggered that further explanation by the court. We had an opportunity in theory. But I think the fact that the receiver did this and then persistently refused to acknowledge it until we made this motion highlighted for us for the first time that this was, in fact, a significant concern, right? When the PI was initially imposed, this was a theoretical possibility. But there were safeguards in the PI, like keep the money in the Western District so that, you know, it can be — it can have court oversight. And that didn't happen. And then, you know, we said, okay, well, now that we understand what could be happening to our funds, we think that is — this is a significant risk, right? You have a situation where there is a trust that has never been accused of wrongdoing, where its funds are being depleted for purposes that have nothing to do with it, where there's — and there's not been a factual finding that it had ill-gotten gains. I understand your argument. Okay. Thank you, ma'am. I appreciate it. I think we're going to get to hear from you in rebuttal. And so maybe we'll hear from Attorney Rosenbluth. That's fine. Thank you very much. Ms. Reynolds. Good morning, Your Honors. May it please the Court, Sarah Rosenbluth for Appalese. For starters, the Court should dismiss the appeal for lack of appellate jurisdiction. I think, as Judge Raji already alluded to, the underlying motion was fundamentally a motion for reconsideration, not a motion to modify, which the case law does make clear and needs to be based on changed circumstances. What do we do with the district court's statement in its decision? Should defendants at any point have evidence that any assets are improperly frozen, then defendants can apply to the district court to release them. Indeed, the district court has already granted requests to release various assets originally subject to the freeze. The fact that the district court has provided an application of substantial carve-outs simply confirms the challenge is meritless. I'm wondering whether there's a little bit of a bait-and-switch if the district court issues an order and says, yeah, but you can come back for carve-outs from the asset freeze if you have evidence to warrant it, and then we say, oh, but you don't actually have jurisdiction to do what the district court's just invited you to do. Well, I think that if the court did, in fact, grant carve-outs to the asset freeze, it would be a modification to the DI, and it would be, presumably, it would be making those carve-outs based on some compelling showing of a change in circumstances. The Court didn't say that. You said, should they have evidence at any point. They didn't say, should there be a change in circumstances. But the, I mean, the evidence would be that there's something to warrant that change. And I think that if that, you know, presumably there would be some new evidence that arose that was not submitted beforehand, and that would then warrant an application for the district court's instruction for a modification, but not a reconsideration to the initial, of the initial PI. Right. And they didn't ask for reconsideration. They asked for a modification. And your argument is in substance. Yes. It's actually for reconsideration. And what I'm trying to figure out, I feel like a receivership is a fluid thing.  And if we viewed any challenge to the terms of the injunction as initially ordered, even in the absence of changed circumstances, as jurisdictionally barred, I'm trying to reconcile that with the fluid nature of a receivership. You don't even know exactly how it's going to unfold until the receiver starts doing stuff. No, I think that's right. And I think that there would be, as the district court contemplates, there is an opportunity to apply to make changes based on the fluid nature, and should anything arise. But I think here we see that their entire brief just is challenging the district court's authority in the first instance. Well, the thing that arose was that the receiver started using assets from the trust to fund receivership expenses, which was within the scope of what you might contemplate in the original award, but it wasn't specifically adjudicated in the prior round. And now they're saying, wait a minute, you can use receivership assets to help the entity for which the receivership is set up, but there's nothing about your use of these assets as helping us as relief defendants. So two points, Your Honor. First is that in the district court we submitted the proposed order, the proposed text of the PI, and the district court gave all parties an opportunity to object to it and to submit proposed edits. That's at docket 143 in the lower court. I'm sorry, the counsel for the trust signed that letter and was party to that letter and never made any mention of this contention that the trust assets in their entirety, having been included in the receivership, should be unavailable for payment of expenses. So it had that opportunity to make that argument. And I think there's two related arguments here, because we do strongly believe that there is no appellate jurisdiction here, and that depends on whether this was a motion to modify or a motion for reconsideration. Even if, as you say, it is fair to construe this as a motion to modify, which we disagree with, then we still run into waiver problems because, as I mentioned, that docket 143 was their explicit opportunity to raise that in the district court. They didn't say anything about this. And again, their brief really focuses on the district court's authority in the first instance. And there was a full appeal litigated from the PI that I came here last year to argue, and the court affirmed. And, in fact, it was, as counsel alludes to, a brief on behalf of a number of different parties, but they signed the brief on May 20, 2024, I guess. They filed a letter in this court saying, we join the brief in full. So they say no arguments were raised. I think you were right to highlight the use of the passive voice there. They did not make those arguments, and the time to do so was in the first appeal. So that's why I think that, you know, we have either the argument regarding that this is not a true modification motion, it really is just a motion to reconsider, and then even if you disagree, there's a clear waiver problem here. What do we do with the fact? Let's imagine that we agree with you. The argument you're making would be an argument that also relates to the district court's jurisdiction, in the first instance, I guess. I'm trying to figure out what we do with the fact that the district court didn't kick this out and say this is just a motion to reconsider and we deny it. The district court actually engaged with the arguments on the merits and did extensive analysis. It did. That's true. But I think the case law instructs that you do have to look at sort of the substance of what the parties are asking for and what the court is doing. I think the court, you know, accepted the motion on its terms, but it really was sort of considering whether there was any basis to change what it previously did. Meaning, like, they were the district court was considering the evidence that was in the record on the P.I. It wasn't considering whether there was anything that arose afterwards. And really, if you could make a motion for modification without pointing to new evidence, there would really be nothing preventing a litigant from filing an infinite number of successive motions for modification and then also an infinite number of successive appeals. And that is what the court expressly disapproved of. Well, there's some case law that says if you do multiple modifications. This was the first. So we don't. What's your strongest case? I mean, the case of Reliance sort of makes the point generically that we don't have jurisdiction for a motion to review and not a motion for reconsideration.  What's your strongest case for the proposition that we can sort of look behind the framing of the motion and reclassify it as reconsideration and that that's a jurisdictional. There's a lot of cases that say you don't get to come back and take another bite at the apple. Yeah. They're not necessarily jurisdictional. I'm just trying to figure out. Yeah. So I think this court's case called Gill from 1989 is a good case for us, as is Weight Watchers from 2005. But Weight Watchers doesn't, right? There's a motion for reconsideration, a motion to modify. They say we've got jurisdiction to review the denial of motion to modify, not a motion for reconsideration. I mean, that's the sort of black letter principle.  But it doesn't say anything about, and we're going to look behind the motion to modify and decide whether it really was properly described as a motion to modify before we decide whether we even have jurisdiction. I mean, I do think that there are cases, and now I'm not able to cite a specific case off the top of my head, that do talk about looking at the substance of the motion. I think another good case for us is called Gooch. It is from the Sixth Circuit, but it relies heavily on this court's cases in Gill and in Weight Watchers. I mean, for example, Gooch says that the power to modify an injunction springs from the court's authority to relieve inequities that arise after the original order. And in order to obtain modification, the movement must demonstrate changes in fact, law, or circumstance since the previous ruling that's quoting this court's decision in Gill. And then it says, because the motion was not based on truly new evidence, it was not a proper motion for dissolution, and therefore there's no appellate jurisdiction. So I think that's an example of a case that really does look at the sort of substance of the motion and what the court was doing rather than just the caption. And I think if you could just sort of caption something, modification motion, when you're just really relitigating the exact same thing as already was litigated, you know, that would really just, I think, elevate the form of a decision. No, ma'am. Please, go ahead. I was going to move on to waiver, so I don't want to do that. Go ahead. You were about to move on to waiver, and I'd like to assure you that you addressed your adversary's argument that the district court, in ruling on the motion, advanced arguments that they had never had, in support of the denial, that they had never had a chance to raise the first time around. Do you want to tell us why that doesn't defeat your waiver argument? Sure. I think that argument is misplaced. I mean, I think the trust is fundamentally arguing that it was deprived of notice in some way because in asking the court to modify the PI to remove the trust from the receivership, the district court relied on evidence that had already been submitted showing that the trust was properly included in the receivership. Is that sort of what you're getting to? Well, I mean, I've taken from your papers, and I want to be sure this is your argument, that the point was one that was certainly ruled on and available for them to raise on their initial appeal. And that's why you think it was waived. The fact that the district court provided further explanation on this motion for reconsideration or modification, however it's denominated, doesn't change that. Is that your position? I believe so, if I'm understanding correctly. I mean, certainly their fundamental argument here is that the trust's assets should not have been included in the receivership or made available to pay receivership expenses. But the district court held in the PI decision that the asset freeze was proper, that all the relief defendants were—the asset freeze was proper, full stop, and it entered in order to that effect. And then on appeal to this court, which the trust signed on to, it didn't argue that it should have been excluded from that in any way. So to hypothesize, and this may not be exactly the situation, but if a court on such a motion were to identify a rationale for its decision that was clearly wrong, clearly wrong, there would be no appeal? Right. So I think we're talking about two different things. There's the appellate jurisdiction and the modification issue and the waiver issue. So this question now is about— The waiver would apply at the district court level, or are you saying only that it's waived on appeal? Yes. I mean, well, so I think that— Yes, as to which. I'm sorry. I guess I'm not totally understanding the hypo. If you wouldn't mind just saying it again. Well, I understood you'd be saying that it's waived for purposes of our appeal. Are you saying it was waived at the district court? Because the district court seems to have addressed it. No, it's waived on appeal. Okay, so now I'm asking you, your adversary says the district court gave new reasons that it had never had a chance to dispute. Right. If those reasons were clearly wrong, I mean, it just were everybody agreed they were wrong, you're saying there's no appeal? I think there's no appeal because the reasons are in support of a conclusion that was embodied in the first decision that was indeed already subject to an appeal. So really, they're still fundamentally quibbling with the conclusion, and so there is a full opportunity to raise their challenge to that conclusion, i.e., that the trust is subject to the receivership in the first appeal, and they simply did not do that. Thank you. Thank you. We have your arguments. We appreciate it. We'll hear again from Attorney Farber. Thank you very much. A couple of points. First of all, on this question of what their lead case is in support of their position on reconsideration versus modification, I find it very telling because the lead case in their brief clearly was the New Falls case, and I think that is the case that's most clearly on point. That was the only case cited in the preliminary statement. I think it was page two or three of their brief, and it's cited over and over again. And the New Falls case is from this Court, I think, three or four years ago, and that case is very clear. The district court found there were no changed circumstances, and this Court yet nevertheless found that it had jurisdiction to consider the motion to modify. Again, not the motion to reconsider, but the motion to modify a preliminary injunction. And I think that is the standard here, and that is what we are seeking. With respect to, you know, why this is a motion to modify instead of a motion to reconsider, again, you know, we are asking for only limited relief. We're not – we're only asking for a couple of provisions to be changed. There were changed circumstances here, regardless of whether or not – I don't think they were necessary. I don't think that is a necessary component to jurisdiction under 1292A1, but – or 1A, but it is – it is present. I'm sorry. Changed circumstances are not a necessary component. How do you distinguish between a motion for reconsideration and a motion for modification, then? So I think that's really what we've been talking about. I think the motion to modify is not asking to change the – to undo the preliminary injunction as to us. It's asking to change a couple of specific terms, and that's what we're asking for. Where do you have the – can you point us to some case support for the view that a motion for reconsideration is only an up-or-down decision on whether there should be an injunction? So I believe that is in the New Falls case. I'm sorry. You think that's been looked at? In the New Falls case, right, where that is what they – what is the defendant asked. So to hypothesize for you, if you made an argument initially that the – that no injunction should issue provided X, and the district court issued an injunction that had the X provision in it, no matter what happened on appeal, you never challenged that whatever. You get to challenge it again on a motion for modification. Because it's not whether there should be an injunction. It's just whether it should have limitation X in it. Right. So I think that is maybe a different situation than this. I'm not sure I'm seeing how, so you're going to have to explain to me. So because I think that was never before this court or before the district court originally. There was never a question of whether that X was here. The only question was whether the preliminary injunction should be entered at all. So I do think that is different in this circumstance. We're not asking for the rescinding of the preliminary injunction or even of just the receivership. But on appeal, the first go-round, you could have argued that whatever provision you're now looking to have modified or changed, as you say, you could have argued that it shouldn't have been in there. So, again, a couple of arguments. First of all, certainly with respect to the attorney's fees portion we could not have because that was decided only in this modification decision. There was nothing in the preliminary injunction whatsoever about the government's authority to review and approve our attorney's fees. With respect to... But a fee-related order is not independently reviewable, right? The government... So I think it is here for two reasons. Number one, because it's inextricably bound up. That's the Lowenstein case with the initial PI. And number two, I think the court framed it and understood it as part of the PI, even though it clearly wasn't. That's the way the district court framed it. And so I do think that is appealable. With respect to the other component, the receiver's authority, again, I do think there are changed circumstances here, right? I think the fact that the receiver started taking $2 million of trust funds and taking it out of the district even, even though the PI told it not to, I think is significant enough of a changed circumstance that we certainly sat up at that point and said, wait a minute, this is not the way this is supposed to work. And I think that, you know, on an equitable basis, because the doctrines we're talking about are equitable doctrines, right? Law of the case and waiver, these are equitable doctrines. And so on an equitable basis to say, you know, you've never been accused of wrongdoing and you have a trust that's being depleted when there's been no finding, even that you have ill-gotten gains, and the first finding was on this very decision where no one, you know, the court never said, the government never asked for that finding, the court never warned us that it was going to make a factual finding for the very first time. I think we are entitled to appeal that. And so on an equitable basis at a minimum, even though I think under 1292 it is very clear, but certainly on an equitable basis, those equitable doctrines that typically prohibit appellate review shouldn't be, shouldn't prohibit it in this case when there is that kind of new finding, new fact, and you have all the other factors. Again, you know, we're not asking that the assets shouldn't be frozen, right? We're not, I mean, that's the real point of a receivership defendant here, excuse me, a relief defendant. The real point of having a relief defendant in the case at all is so that you're not going to take the money that you've allegedly been holding in an ill-gotten, you know, from ill-gotten gains and send it off to some foreign jurisdiction. There is an asset freeze. The trustee is independent, so there's no risk that he's going to abscond with the funds. And, you know, we're not even arguing that the receiver should be there as a gatekeeper. We're fine with the receiver being there as a gatekeeper. We just believe that the receiver shouldn't be spending down trust funds during the penancy of the case. Thank you very much. I think we have your arguments. Thank you very much. Thank you. I appreciate it. We'll argue on both sides. Thank you. Thank you both. I'll take it under advisement. And the next case is 25118, Henry Residential Capital. Thank you.